IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 07-0541
════════════
 
TXI Transportation Company, et 
al., Petitioners,
 
v.
 
Randy Hughes, et al., 
Respondents
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the 
Second District of Texas
════════════════════════════════════════════════════
 
 
Argued October 16, 2008
 
            
Justice 
Wainwright, concurring in part and dissenting in part.
            
The vehicle accident in this case occurred in the gravel truck’s 
eastbound lane when the westbound Yukon sport utility vehicle crossed the center 
line of the highway. This is undisputed. All five eyewitnesses in three separate 
vehicles who spoke to the question, some from better vantages than others, 
testified that they never saw the gravel truck in the westbound lane. Yet the 
claimant’s expert opined that the gravel truck driver caused the accident. It 
allegedly crossed into the westbound lane, forced the Yukon to move into the 
eastbound lane in a defensive maneuver, and then returned to the eastbound lane 
to cause the collision. The expert reviewed and discussed physical evidence in 
the form of gouge marks on the road, collision damage to both 
vehicles, brake mark angles, and speed and braking information from the 
Yukon’s black box. I have serious concerns about the admissibility of the 
expert’s causation testimony because, among other reasons, the expert has not 
sufficiently addressed the eyewitness testimony. See, e.g., 
Brooke Group Ltd. v. Brown & Williamson Tobacco Corp., 509 U.S. 209, 
243 (1993) (holding that expert testimony is not admissible when it is not 
supported by sufficient facts or when the evidence in the case contradicts or 
otherwise renders the opinion unreasonable); see also TXI Transp. Co. v. Hughes, 224 S.W.3d 870, 923, 927–29 (Tex. 
App.—Fort Worth, pet. granted) (Gardner, J., dissenting) (addressing the 
eyewitness testimony and other reasons to exclude the expert’s opinion). I 
respectfully concur in part and dissent in part, joining only Section III of the 
Court’s opinion.
 
                                                                        
___________________________________
                                                                        
Dale Wainwright
                                                                        
Justice
 
OPINION DELIVERED: March 12, 2010